

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

METAPHYZIC EL-ECTROMAGNETIC SUPREME-EL,

     Plaintiff,

v.                          Civil Action No. 3:14CV55

COMMONWEALTH OF VIRGINIA, et al.,

     Defendants.

## MEMORANDUM OPINION

Metapyhzic El-ectromagnetic Supreme-El, a Virginia inmate proceeding pro se and in forma pauperis, filed this 42 U.S.C. § 1983 action. Supreme-El claims that he is a "free sovereign Moorish-American National, . . . a member of the Amurican (Moorish) Nation Permanent Mission; a diplomatic agent . . .; a member of the Autochthon Yamassee Native American Muurish Government; a foreign government irrespective of recognition by the United States." (Part. Compl. ¶ 5, ECF No. 20.)[1] The Court previously has rejected as frivolous claims for habeas relief by Supreme-El based on his perceived special status as a Moorish American. See Supreme-El v. Dir., Dep't of Corr., 3:14CV52, 2015 WL 1138246, at *1-25 (E.D. Va. Mar. 3, 2015). For the reasons set for below, the Court will dismiss the claims as

---

[1] The Court corrects the capitalization in the quotations from Supreme-El's submissions.

improperly joined, legally and factually frivolous, and for failure to state a claim.

## I. STANDARD OF REVIEW

Pursuant to the Prison Litigation Reform Act ("PLRA") this Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); see 28 U.S.C. § 1915A. The first standard includes claims based upon "'an indisputably meritless legal theory,'" or claims where the "'factual contentions are clearly baseless.'" Clay v. Yates, 809 F. Supp. 417, 427 (E.D. Va. 1992) (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)). The second standard is the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the

2

plaintiff.  Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993); see also Martin, 980 F.2d at 952.  This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (second alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." Id. (citations omitted).  Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," id. (citation omitted), stating a claim that is "plausible on its face," rather than merely "conceivable."  Id. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678 (citing Bell Atl.

3

Corp., 550 U.S. at 556). Therefore, in order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." Bass v. E.I. DuPont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003) (citing Dickson v. Microsoft Corp., 309 F.3d 193, 213 (4th Cir. 2002); Iodice v. United States, 289 F.3d 270, 281 (4th Cir. 2002)).

Lastly, while the Court liberally construes pro se complaints, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), it does not act as the inmate's advocate, sua sponte developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

## II. JOINDER

The Federal Rules of Civil Procedure place limits on a plaintiff's ability to join multiple defendants in a single pleading. See Fed. R. Civ. P. 20(a). "The 'transaction or occurrence test' of [Rule 20] . . . 'permit[s] all reasonably related claims for relief by or against different parties to be tried in a single proceeding. Absolute identity of all events is unnecessary.'" Saval v. BL Ltd., 710 F.2d 1027, 1031 (4th

4

Cir. 1983) (quoting Mosley v. Gen. Motors Corp., 497 F.2d 1330, 1333 (8th Cir. 1974)). "But, Rule 20 does not authorize a plaintiff to add claims 'against different parties [that] present[ ] entirely different factual and legal issues.'" Sykes v. Bayer Pharm. Corp., 548 F. Supp. 2d 208, 218 (E.D. Va. 2008) (alterations in original) (quoting Lovelace v. Lee, No. 7:03cv00395, 2007 WL 3069660, at *1 (W.D. Va. Oct. 21, 2007)). "And, a court may 'deny joinder if it determines that the addition of the party under Rule 20 will not foster the objectives of [promoting convenience and expediting the resolution of disputes], but will result in prejudice, expense, or delay.'" Id. (quoting Aleman v. Chugach Support Servs., Inc., 485 F.3d 206, 218 n.5 (4th Cir. 2007)).

In addressing joinder, the Court is mindful that "the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged." United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 724 (1966). This impulse, however, does not provide a plaintiff free license to join multiple defendants into a single lawsuit where the claims against the defendants are unrelated. See, e.g., George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007); Coughlin v. Rogers, 130 F.3d 1348, 1350 (9th Cir. 1997). Thus, "[a] buckshot complaint that would be rejected if filed by a free person—say,

a suit complaining that A defrauded the plaintiff, B defamed him, C punched him, D failed to pay a debt, and E infringed his copyright, all in different transactions—should be rejected if filed by a prisoner." George, 507 F.3d at 607.

"The Court's obligations under the [Prison Litigation Reform Act ("PLRA")] include review for compliance with Rule 20(a)." Coles v. McNeely, No. 3:11CV130, 2011 WL 3703117, at *3 (E.D. Va. Aug 23, 2011) (citing George, 507 F.3d at 607). "Thus, multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass that these complaints have produced but also to ensure that prisoners pay the required filing fees." Id. (citing 28 U.S.C. § 1915(g)); Showalter v. Johnson, No. 7:08cv00276, 2009 WL 1321694, at *4 (W.D. Va. May 12, 2009) ("To allow [plaintiff] to pay one filing fee yet join disparate claims against dozens of parties flies in the face of the letter and spirit of the PLRA." )

### III. SUMMARY OF ALLEGATIONS AND CLAIMS

Supreme-El's original complaint failed to provide each defendant with fair notice of the facts and law upon which his or her liability rested. Accordingly, by Memorandum Order

6

entered on March 23, 2015, the Court directed Supreme-El to submit a particularized complaint. The Court further warned Supreme-El that the forthcoming particularized complaint must comply with the requirements for properly joining claims and parties. As explained below, Supreme-El's seventy-six page Particularized Complaint fails to comply with the requirements for proper joinder of claims and parties. Accordingly, the Court will drop all parties from the action, except for the first named party in the body of the Particularized Complaint, Mayor Fraim. (Part. Compl. ¶ 15); see Loney v. Wilder, No. 3:08CV820, 2011 WL 1827440, at *3 (E.D. Va. May 12, 2011) (employing a similar procedure); Jackson v. Olsen, No. 3:09CV43, 2010 WL 724023, at *3 (E.D. Va. Mar. 1, 2010) (describing remedies available for misjoinder and failure to comply with Fed. R. Civ. P. 8(a) and 41(b)).

## A.    Pertinent Allegations With Respect to Joinder

Supreme-El names as defendants entities and individuals ranging from the Commonwealth of Virginia (Part. Compl. ¶ 6), to Karen J. Burrell, a judge with the Circuit Court for the City of Norfolk, (id ¶ 7), to Paul D. Fraim, the Mayor of the City of Norfolk (id. ¶ 11), to David L. Simons, the Superintendent of the Hampton Roads Regional Jail (id. ¶ 14).

At the beginning of his Particularized Complaint, Supreme-El seeks to hold Mayor Fraim and Norfolk Police Chief Sharon

Chamberlain liable because they failed to honor his "writ for a freemans right to travel affidavit" to Mayor Fraim. (Id. ¶ 17; see id. ¶¶ 18-19.)[2]   Thereafter, Supreme-El complains that the Commonwealth of Virginia, through its agencies, "extorted" money from him (id. ¶ 21), and held him in servitude for failing to pay child support. (Id. ¶ 26.)   From here, Supreme-El jumps to an incident in February of 2012, where he alleges an unidentified member of the Norfolk Police Department used excessive force against his person. (See id. ¶¶ 31-49.)   Then, Supreme-El backtracks to an incident in 2010, when he was arrested and complains that "Defendant, Sheriff Robert McCabe is involved in the trading and transporting of inmates to the Hampton Roads Regional Jail . . . and practices similar to slavery." (Id. ¶ 66; see id. ¶¶ 59-65.)   Thereafter, Supreme-El returns to the years 2012 and 2013 and complains of violations of his rights by the judges involved in his criminal proceedings.   Next, Supreme-El makes a series of claims against Superintendent Simons for alleged deficiencies at the Hampton Roads Regional Jail, including inadequate grievance procedures, poor food, and being forced to wear an incorrectly labeled armband.

---

[2] The Court corrects the capitalization and punctuation in the quotations to Supreme-El's submissions.

### B.    Joinder Analysis

It is apparent that Supreme-El has submitted the sort of "mishmash of a complaint" that the rules governing the joinder of parties aim to prevent. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

Although Supreme-El alleges that a conspiracy exists among all of the Defendants, Supreme-El has not stated any plausible claim of a conspiracy to deprive him of his civil rights. Because Supreme-El's allegation of a conspiracy "amounts to no more than a legal conclusion, on its face it fails to assert a plausible claim." Francis v. Giacomelli, 588 F.3d 186, 197 (4th Cir. 2009) (citing Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009); Gooden v. Howard Cty., Md., 954 F.2d 960, 969-70 (4th Cir. 1992)); see Capogrosso v. Supreme Court of N.J., 588 F.3d 180, 184-85 (3d Cir. 2009) (dismissing conclusory allegations of a conspiracy (citing Crabtree v. Muchmore, 904 F.2d 1475, 1480-81 (10th Cir. 1990))).

In order to satisfy his pleading burden with respect to a conspiracy, Supreme-El "needed to plead facts that would 'reasonably lead to the inference that [Defendants] positively or tacitly came to a mutual understanding to try to accomplish a common and unlawful plan.'" Ruttenberg v. Jones, 283 F. App'x 121, 132 (4th Cir. 2008) (quoting Hinkle v. City of Clarksburg, 81 F.3d 416, 421 (4th Cir. 1996)). "[T]he bare, conclusory

9

allegation that the [D]efendants conspired to violate his constitutional rights" is insufficient. Id. Accordingly, Supreme-El's broad claims of an overarching conspiracy, which encompass all of the named Defendants, will be dismissed without prejudice for failure to state a claim and as legally and factually frivolous.

Absent a plausible claim of conspiracy, Supreme-El has failed to articulate a common question of law and fact for all of the named Defendants. See Fed. R. Civ. P. 20(a). Furthermore, Supreme-El's Particularized Complaint consists of a rambling narrative of a host of perceived offenses, and is so incohesive and incomprehensible, that it simply fails to allege causes of actions that arise "out of the same transaction, occurrence, or series of transactions or occurrences." Id. Moreover, given the frivolous nature of his claims, permitting Supreme-El to proceed with multiple claims against multiple individuals and entities will not foster Rule 20's objectives of promoting the expeditious resolution of disputes.

As the Court admonished in the March 23, 2015 Memorandum Order, the Court will drop all other Defendants as they are not properly joined with Defendant Fraim. See Jackson, 2010 WL 724023, at *8. Accordingly, the Court dismisses without prejudice all of Supreme-El's claims except for his claims against Defendant Fraim. See id. at *8 n.7 (explaining that, in

10

light of Virginia's tolling provision, dismissal without prejudice of the plaintiff's constitutional claims failed to create problems with respect to the statute of limitations).

## IV. ANALYSIS OF CLAIMS AGAINST MAYOR FRAIM

Supreme-El alleges that, on July 7, 2011 he sent "a writ of freemans right to travel affidavit" to Mayor Fraim. (Part. Compl. ¶¶ 15, 17.) Supreme-El contends that Mayor Fraim knew of Supreme-El's "foreign status, diplomatic and sovereign status before the incidents of unlawful arrest and detention took place, and had foreknowledge of [Supreme-El's] permanent mission." (Id. ¶ 152.) Supreme-El continues that he is a member of "a class of nationals who are often abused by Norfolk Police Department." (Id.) Supreme-El insists that he is falsely imprisoned because of Mayor Fraim's negligence. (Id. ¶ 154.)

It is both unnecessary and inappropriate to engage in an extended discussion of the utter lack of merit of Supreme-El's theory for relief. See Cochran v. Morris, 73 F.3d 1310, 1315 (4th Cir. 1996) (emphasizing that "abbreviated treatment" is consistent with Congress's vision for the disposition of frivolous or "insubstantial claims" (citing Neitzke v. Williams, 490 U.S. 319, 324 (1989))). Supreme-El claims that Mayor Fraim's actions "constitute[ ] perjury of oath in violation of

11

the Virginia Constitution Article 2 Section 7; 18 U.S.C. [§] 1621, and 18 U.S.C. [§] 241." (Id. ¶ 153.)[3] Initially, the Court notes that none of the above cited statutory provisions provides a private right of action that would permit Supreme-El to sue Mayor Fraim in federal court. Moreover, as the Court previously informed Supreme-El, he enjoys no rights from his self-created status as a Moorish American. See Supreme-El v. Dir., Dep't of Corrs., No. 3:14CV52, 2015 WL 1138246, at *1-25 (E.D. Va. Mar. 3, 2015). Supreme-El is an American citizen. Id. at *5 (citation omitted). Supreme-El's current detention flows not from discrimination, but from his convictions for "possession of a schedule I or II controlled substance, possession of a firearm by a convicted felon, possession of a firearm while committing possession of a schedule I or II controlled substance, resisting arrest/intimidation, and carrying a concealed weapon." Id. at *2 (citation omitted). Accordingly, Supreme-El's claims against Mayor Fraim and the action will be dismissed for failure to state a claim and as legally and factually frivolous.

The Clerk will be directed to note the disposition of the action for purposes of 28 U.S.C. § 1915(g).

---

[3] Title 18 U.S.C. Section 241 criminalizes a conspiracy to deprive another person of their civil rights. 18 U.S.C. § 241. Title 18 U.S.C. Section 1621 criminalizes perjury. 18 U.S.C. § 1621.

The Clerk is directed to send a copy of the Memorandum Opinion to Supreme-El.

It is so ORDERED.

_____ /s/  *REP*

Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: October *26*, 2015