IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

METAPHYZIC EL-ECTROMAGNETIC SUPREME-EL,

    Plaintiff,

v.                                Civil Action No. 3:14CV55

COMMONWEALTH OF VIRGINIA, et al.,

    Defendants.

**MEMORANDUM OPINION**

Metapyhzic El-ectromagnetic Supreme-El, a Virginia inmate proceeding pro se and in forma pauperis, filed this 42 U.S.C. § 1983 action. Supreme-El claims that he is a "free sovereign Moorish-American National, . . . a member of the Amurican (Moorish) Nation Permanent Mission; a diplomatic agent . . .; a member of the Autochthon Yamassee Native American Muurish Government; a foreign government irrespective of recognition by the United States." (Part. Compl. ¶ 5, ECF No. 20.)[1] By Memorandum Opinion and Order entered on October 26, 2015, the Court dismissed Supreme-El's action as frivolous. (ECF Nos. 21, 22.) On November 23, 2015,[2] Supreme-El filed a Motion for Relief under Federal Rule Civil Procedure 59(e) ("Rule 59(e) Motion").

---

[1] The Court corrects the capitalization in the quotations from Supreme-El's submissions.

[2] This is the date Supreme-El indicates that he mailed his Rule 59(e) Motion to the Court (Rule 59(e) Mot. 2), and the Court deems this the filed date. See Houston v. Lack, 487 U.S. 266, 276 (1988).

For the reasons set forth below, the Rule 59(e) Motion (ECF No. 23) will be denied.

"[R]econsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998) (citation omitted) (internal quotation marks omitted). The United States Court of Appeals for the Fourth Circuit recognizes three grounds for relief under Rule 59(e): "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." Hutchinson v. Staton, 994 F.2d 1076, 1081 (4th Cir. 1993) (citing Weyerhaeuser Corp. v. Koppers Co., 771 F. Supp. 1406, 1419 (D. Md. 1991); Atkins v. Marathon LeTourneau Co., 130 F.R.D. 625, 626 (S.D. Miss. 1990)).

Supreme-El apparently seeks relief under the third ground because he believes the Court committed a clear error of law. Supreme-El contends the Court erred in screening his Particularized Complaint under 28 U.S.C. § 1915(e)(2) because that statute only applies to actions concerning prison conditions. Supreme-El is wrong. "Under 28 U.S.C.A. § 1915(e), which governs IFP filings in addition to complaints filed by prisoners, a district court must dismiss an action that the court finds to be frivolous or malicious or that fails to state

2

a claim." <u>Michau v. Charleston Cty., S.C.</u>, 434 F.3d 725, 728 (4th Cir. 2006) (citing 28 U.S.C. § 1915(e)(2)(B)). Accordingly, Supreme-El's Rule 59(e) Motion (ECF No. 23) will be denied.

The Clerk is directed to send a copy of the Memorandum Opinion to Supreme-El.

It is so ORDERED.

/s/ REP
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: March 23, 2016